Filed 6/27/13  P. v. Feight CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA MILES FEIGHT,<br><br>        Defendant and Appellant. | A137158<br><br>(Del Norte County<br>Super. Ct. Nos. CRF06-9625;<br>CRF06-9539-3; CRF11-9680;<br>CRF12-9548) |

**I. INTRODUCTION**

Appellant entered guilty pleas in the Del Norte County Superior Court to four different criminal charges.  He was also found to have violated probation in several of these cases and, on November 8, 2012, was sentenced to prison on all four cases, some of the sentences being consecutive and some concurrent.  A short time later, he filed a notice of appeal alleging sentencing error in all four cases.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, a brief was filed asking this court to review the records in these cases and determine if further briefing on the alleged sentencing error is required. Although he was advised he could file a supplemental brief, no such brief was filed by appellant.

We have reviewed the record in all four cases, find no need for further briefing, and hence affirm the judgment of the superior court, including the sentence imposed.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August and September 2006, appellant entered guilty pleas in two separate and distinct cases, one No. 9625[1] and the other No. 9639. The first plea was to a charge of burglary in the second degree and the second to receiving stolen property.) On October 19, 2006, he was placed on probation by the trial court in both cases.

On October 14, 2009, appellant admitted to violating probation and his probation was revoked. It was, however, reinstated by the court at a hearing held on November 5, 2009, but with appellant ordered to serve an additional 180 days in county jail. The court specified that his probation was to remain in effect until October 19, 2011. Numerous petitions for modification or change in probation were filed in these two cases; appellant admitted to each charged probation violation, but probation was reinstated in both cases.

On September 2, 2011, appellant's probation was revoked because of the filing and pendency of several petitions alleging violations of appellant's conditions of probation; however, further hearings were postponed so that newly-appointed counsel for appellant could become more familiar with the cases. By that time, per a memorandum prepared by the superior court clerk at the request of the court, appellant had served approximately 37 months on probation. On November 3, 2011, probation was modified and reinstated.

On December 9, 2011, a third charge was filed against appellant, petty theft with prior convictions. (Pen. Code, §§ 484, 666.) On March 15, 2012, appellant entered a guilty plea and also admitted violations of probation in the two earlier cases. On April 20, 2012, he was placed on probation for a period of three years in this case and also returned to probation in the first two cases, on which probation was extended for a full five-year term.

A fourth charge, maintaining a place for selling and using a controlled substance (Health & Saf. Code, § 11366) was filed against appellant on October 5, 2012. Appellant entered a guilty plea to this charge on October 10, 2012. At the hearing held that day on

---

[1] We will use only the last four digits of the four cases (fully cited above) in which appellant was convicted.

2

that case, the three others already noted, and three other cases as to which no appeal was ever filed, defense counsel stated that appellant agreed to a concurrent prison term on that fourth case. The parties and the court then agreed that appellant should and would serve a term of five years and eight months on these four cases. Defendant also indicated his personal understanding of this outcome.

On November 8, 2012, apparently as part of a "global resolution of all pending matters", the court imposed prison sentences on appellant in all four cases. In the first case, No. 9625, the court imposed the upper term of three years for the charged-and-admitted second degree burglary, as well as a consecutive two-year term for a charged on-bail enhancement.

In the second case, No. 9539, the court imposed a consecutive one-third of the midterm, i.e., eight months, and in the third case, No. 9680, the court imposed a concurrent upper term of three years. In the fourth case, No. 9548 a 16-month concurrent low-term sentence was imposed. Appellant's total sentence was thus five years and eight months. The trial court postponed the issue of the applicable amount of custody credits appellant had gained in each of the four cases.

On November 9, 2012, the probation department filed no fewer than two "Custody Credit Memorandum," consisting of 10 pages.

On November 14, the trial court and both counsel agreed that the figures compiled by that department were correct and that, therefore, appellant was entitled to actual custody credits of 737 days and conduct credits of 456 days, for a total of 1,193 days in the first two cases. In the second two cases, where concurrent terms had been imposed, appellant was awarded one-for-one conduct credits.

Counsel for appellant specifically agreed that he was "satisfied with the base credits" awarded and that such "appears to be correct." However, he also stated that his "client is not in agreement with Appellate Justice Cousins," but there was no explanation asked for or provided as to what this meant, and the sentencing hearing was then concluded.

On November 16, 2012, appellant filed timely notices of appeal in all four cases, alleging only sentencing error in them.

## III. DISCUSSION

In view of the record just discussed, including specifically the several specific agreements of counsel regarding both the pleas entered and the appropriate sentencing credits, we find no issues deserving of further briefing.

## IV. DISPOSITION

The judgment,  including the sentence imposed, is affirmed.


_____
Haerle, Acting P.J.


We concur:


_____
Lambden, J.


_____
Richman, J.


4